### JAMES WILSON v. THE STATE.
*No. 597. Decided January 16.*

**Aggravated Assault and Battery—Deadly Weapon.**—On a prosecution for aggravated assault and battery committed with a knife, where there is no proof as to the size and character of the knife, except that defendant said that it was "his knife," and the physician who examined the wounds testified that they were not dangerous, and "the wounds looked like they had been made by a penknife," *Held*, the evidence was not sufficient; the question whether a knife is a deadly weapon or not depends upon its size or manner of its use.

APPEAL from the County Court of Lamar. Tried below before Hon. JOHN W. ROUNTREE, County Judge.

This appeal is from a conviction for aggravated assault and battery, the punishment being assessed at a fine of $25.

The opinion sufficiently states the facts.

*C. W. Allen,* for appellant.

No briefs in the record for the State.

DAVIDSON, JUDGE.—The information charges appellant with an aggravated assault and battery, by cutting Buckner with a knife—a deadly weapon—and by inflicting upon him serious bodily injury. Buckner testified, that defendant "cut me three times in the back. I was laid up with cuts four or five days. I bled some at the mouth." The attending physician testified: "I waited on Alf Buckner at the time he was cut by defendant. I waited on him some four or five days. He had three cuts in the back. I did not consider them serious. The cuts looked like they were made with a pen-knife. I do not think the cuts could have caused any bleeding at the mouth." Defendant's wife testified, that Buckner, at her home, in the house, was holding her by the hand, against her wish and over her protests, making improper proposals to her, when her husband broke the door "and run in and began to cut Alfred." Defendant testified, that on reaching his house he heard the conversation between Buckner and his wife, "got out my knife, and pushed against the door and broke it open, and cut him till he run out in the yard." As to the character of the knife—whether it was a deadly weapon or not—there is no evidence, and the physician's testimony is, that the wounds were not considered by him as serious. Halsell v. The State, 29 Texas Crim. App., 22; George v. The State, 21 Texas Crim. App., 315. Whether a weapon is deadly or not will depend upon its size, or manner of its use. Willson Crim. Stats., sec. 844. The size of the knife is not shown, and there is no proof in this respect, except by defendant, that it was his knife. That the wounds looked as if they were made by penknife is not evidence that the knife was in fact a penknife. Melton v. The State, 30 Texas Crim. App., 273; Jenkins v. The State, 30 Texas Crim. App., 379.

Because the evidence does not sustain the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.