BUD HOUSLEY v. THE STATE.

No. 4387.    Decided February 24, 1909.

Assault to Murder—Deadly Weapon—Aggravated Assault—Billiard Cue—Serious Bodily Injury—Charge of Court.

Where upon trial for assault with intent to murder the evidence showed that defendant struck the injured party with the but-end of a billiard cue about two and a half feet long and weighing about one pound, dealing prosecutor a severe blow upon his head, cutting a wound about an inch and a half or two inches long, etc., the same was a serious bodily injury, and not a trivial wound; and the court was required to charge on serious bodily injury in his charge on aggravated assault.

Appeal from the District Court of Callahan. Tried below before the Hon. J. H. Calhoun.

Appeal from a conviction of aggravated assault; penalty, a fine of $250 and twelve months confinement in the county jail.

The opinion states the case.

*Otis Bowyer* and *F. S. Bell,* for appellant.—On question of serious bodily injury: Pierce v. State, 21 Texas Crim. App., 540; George v. State, 21 Texas Crim. App., 315; Hilliard v. State, 17 Texas Crim. App., 210; Coney v. State, 43 Texas, 414; Halsell v. State, 29 Texas Crim. App., 22; Ross v. State, 10 Texas Crim. App., 455; Wilson v. State, 34 Texas Crim. Rep., 64; Head v. State, 52 Texas Crim. Rep., 488, 107 S. W. Rep., 829. On question of deadly weapon: Henderson v. State, 54 Texas Crim. Rep., 115 S. W. Rep., 588.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted for assault with intent to murder and upon trial he was convicted of aggravated assault and his punishment assessed at confinement for twelve months and a fine of $250.

The court charged upon assault with intent to murder, aggravated assault and simple assault. Appellant in his motion for new trial complains of the following charge of the court: "An assault becomes aggravated when committed under either of the following conditions: (a) when committed with a deadly weapon. A deadly weapon is one which from the manner used is calculated or likely to produce death or serious bodily injury, or (b) when committed with premeditated design and by the use of means calculated to inflict great bodily injury, or (c) when a serious bodily injury is inflicted upon the person assaulted, or (d) when committed with a deadly weapon under circumstances not amounting to an intent to murder or maim." The evidence in this case shows that appellant and prosecuting witness, a few days before this offense was committed, had a personal difficulty. The evidence shows that the prosecuting witness was running a hotel and his wife had driven from their hotel a certain woman; that the appellant became aggrieved over this, denounced the prosecuting witness for running the woman away from his hotel, and when prosecuting witness informed appellant that his, witness' wife, did so, appellant abused prosecutor and a fight ensued, in which appellant says prosecutor cut him. Several days thereafter, as the train came into the town of Baird, prosecutor was standing in front of the door holding the screen open, so passengers could go and eat dinner, with his back somewhat to the door. Appellant came along and with the but-end of a billiard cue about two and a half feet long, weighing about a pound and dealt prosecutor a severe blow upon his head, cutting a wound about an inch and a half or two inches long. Prosecutor staggered from the effects of the blow and was assisted to a chair; the doctor came, dressed his wound but did not discover whether the scalp of prosecutor was cut to the bone or not. Prosecutor's wife said it was. Prosecutor, however, continued his daily work and did not go to bed as a result of the wound. The doctors swear the weapon was a deadly weapon, or, at least, a man of the strength of appellant could readily kill another man with such a stick. It is true they gave it as their opinion that prosecutor was in no danger of death from the result of the wound. Appellant insists that he apprehended at the time he struck the injured party that he was going to be assaulted. We have stated the above to show the gist of the evidence upon the trial of this case.

The only serious insistence that appellant makes in his motion for new trial is, that the evidence does not suggest the issue of

serious bodily injury. In passing upon a similar question to that here raised in the case of Bruce v. State, 41 Texas Crim. Rep., 27, 51 S. W. Rep., 954, we used the following language: "Does 'serious bodily injury' mean necessarily contemplation of death, or any injury that will eventuate in death, or might probably cause death? We do not think so. We think the word 'serious' in said statute means what the word imports, that is, grave; not trivial, not slight. Then 'serious bodily injury' would be an injury that was not a trivial one; not a slight one. We know of no authority that says it means an injury that might eventuate in death or probably cause death." And again, in said case in commenting upon the facts, we use this language, to wit: "The record before us shows that appellant was being choked by deceased to such an extent as might indicate that he was being seriously injured, and to have his right of self-defense restricted in the manner as indicated in the court's charge we think was error. To be choked until one falls from lack of breath or from injury inflicted, might be a serious injury." So, we hold in this case that a blow upon the head with the but-end of a billiard cue as above described, in the hands of a man weighing 190 pounds, cutting the scalp to the bone from an inch and a half to two inches long, is certainly a serious wound as contra-distinguished from a trivial wound. We think the court was warranted and absolutely required to charge on serious bodily injury.

There is no other question in this record which requires a review.

We find no error in the judgment of the court below, and the same is affirmed.

*Affirmed.*

[Rehearing Denied March 17, 1909.—Reporter.]