## Len Miller v. The State.

### No. 518. Decided May 4, 1910.

**1.—Aggravated Assault—Transfer from District to County Court.**

A motion for new trial for want of proper transfer of the indictment from the District to the County Court comes too late; this must be done in limine.

**2.—Same—Serious Bodily Injury—Insufficiency of the Evidence.**

Where, upon trial for aggravated assault on the ground of inflicting serious bodily injury, the wound inflicted appeared to have been made by a sharp instrument or knife about one and one-half inches long and three-quarters to an inch deep, and which inconvenienced the prosecutor for a few days, a conviction on that ground could not be sustained. Ramsey, Judge, dissenting.

**3.—Same—Self-Defense—Charge of Court.**

Where, upon trial for aggravated assault, defendant's testimony showed that the prosecutor struck him with an unopened knife, before defendant used his knife on prosecutor, the court should have charged on self-defense.

Appeal from the County Court of Eastland. Tried below before the Honorable E. A. Hill. ·

Appeal from a conviction of aggravated assault; penalty, a fine of $100 and six months confinement in the county jail.

The opinion states the case.

*D. G. Hunt* and *C. B. Frost,* for appellant.—On question of serious bodily injury: Wilson v. State, 34 Texas Crim. Rep., 64; Halsell v. State, 29 Texas Crim. App., 22; George v. State, 21 Texas Crim. App., 315.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges appellant "did then and there unlawfully commit an aggravated assault and battery in and upon J. T. Herring and did then and there cut and wound J. T. Herring with a knife and did then and there, thereby and therewith inflict serious bodily injury upon said J. T. Herring." Appellant's punishment was assessed at a fine of $100 and six months imprisonment in the county jail. The motion for new trial for want of proper transfer from District to County Court came too late. This must be done *in limine.*

Dr. Johnson dressed the wound and describes it as being about one and one-half inches long and three-quarters to one inch deep. He dressed the wound only once. The wound was what he calls an incisive wound, made with some sharp instrument or knife. The prosecutor testified that it inconvenienced him for a few days, and also described the wound practically as did the physician who dressed it.

It is urged that this evidence is not sufficient to sustain the allegation that it was a serious wound. · Under the authorities we are of opinion that this contention is correct. We deem it unnecessary to cite the authorities. The question has been frequently before the court, and the courts and legal profession are familiar with these decisions. We would suggest upon another trial, if. the evidence should develop as in this case, that a charge on self-defense be given. The State's evidence shows an assault by appellant upon Herring with a knife.

Appellant's testimony is that prosecutor struck him with an unopened knife, and after doing so, was trying to open it at the time that he, appellant, used his knife.

Because we are of opinion the evidence is not sufficient to show the injury inflicted was of a serious character as required by the law of aggravated assault, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

RAMSEY, JUDGE (dissenting).—I think the case should be affirmed. The rule laid down by this court recently in the case of Housley v. State, 55 Texas Crim. Rep., 372, in which the opinion was written by Judge Brooks, is the correct one. We there say: "In passing upon a similar question to that here raised in the case of Bruce v. State, 41 Texas Crim. Rep., 27; 51 S. W. Rep., 954, we used the following language: 'Does serious bodily injury mean necessarily contemplation of death, or any injury that will eventuate in death or might probably cause death? We do not think so. We think the word 'serious' in said statute means what the word imports, that is, grave; not trivial, not slight.'" In this case the party injured carried his arm in a sling for many days. The wound was made by a deadly knife and the injury such as would never be thought of as trivial or slight, except by one reading some of the earlier decisions of this court which, in my opinion, carry the rule far beyond its proper bounds.