### ALBERT SPILLER v. THE STATE.

No. 2003.   Decided November 13, 1912.

**Robbery—Charge of Court—Aggravated Assault.**

   Where the defense testimony, on a trial for robbery, raised the issue of
a simple assault, and the testimony for the State justified a conviction for
robbery, and the court's charge submitted the issue of robbery and that of
simple assault, a conviction for robbery was sustained, and there was no error
in the court's failure to charge on aggravated assault.

Appeal from the Criminal District Court of Harris.  Tried below
before the Hon. C. W. Robinson.

Appeal from a conviction of robbery; penalty, five years imprison-
ment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of robbery, his punishment being assessed at five years confinement in the penitentiary.

The record fails to disclose that any bills of exception were reserved. There are only two grounds relied upon, and they are both found in the motion for new trial, the first of which complains that the court erred in failing to charge on aggravated assault and battery, and the second, the want of sufficient evidence to justify the verdict of the jury. The evidence for the State, in brief, is that Juran testified he was in front of Mellinger's house talking to a woman named Lucy Johnson about where some one lived in the neighborhood. This conversation was carried on at some length, and the woman invited Juran into the house and he was discussing this matter with her when the defendant came up behind him, hit him on the head and knocked him down. Witness says when appellant knocked him down he saw him "getting around my pockets." That he remembered nothing more until he heard some woman say, "don't kill that man, he lives in the next block." That as soon as the woman made this remark defendant got up and left witness lying there; that he was cut on the face and in the hand; he got up and went home, and when he got home he missed nine dollars, four dollars in silver and five dollars in currency.

Peyton, the detective, testified that Juran reported the assault made upon him, and that Juran later identified defendant as the party who committed the assault. Dr. Short testified the wounds on Juran were made with some sharp instrument, except that on the head; that he had a small contused wound on the head about half an inch long, a slight cut on the left cheek bone, and a cut in the left hand. His testimony is rather peculiarly worded, but is as follows: that "while the wounds were dangerous, they would not be termed serious wounds." Appellant went upon the stand and testified that before this trouble with Juran he had a conversation with him and told Juran to stay away from the house in question at which defendant roomed and also where Lucy Johnson, the woman Juran was talking to, roomed. He told Juran to stay away from this woman, that he, defendant, was going to marry her, and that he, Juran, ought to be at home with his wife. That he went home on the evening in question and found Juran and this woman sitting on the bed; that he went in and struck her and struck him and they both ran out of the house into the back yard, and through a wire fence, and Juran cut himself in that way; that he did not rob Juran and did not take any money from him, etc. Lucy Johnson corroborates the testimony of defendant, and her testimony is practically, at least substantially the same as defendant's. Alice Williams also testified that she was sitting on her back gallery, an adjoining house and saw Juran and Lucy Johnson run out at the back door and into the fence, and knock it down. Lucy Johnson

testified that she ran out and ran into the fence and cut her leg, and Juran ran out also and fell down, and got up and went away. There is some testimony going to show it is possible he may have gotten his head hurt in falling at the fence.

The court submitted the issue of robbery and simple assault; the jury convicted of robbery. Under this testimony the jury was authorized to find defendant guilty of robbery, taking it for granted they believed the testimony of Juran. If they believed the testimony of defendant and Lucy Johnson, and Alice Williams, they would have been justified in convicting of simple assault. We are of opinion these were the issues in the case. If aggravated assault is in the case, it is by reason of the assault on Juran by defendant at the gate as testified by Juran. What instrument defendant used in inflicting the blow on the head is not shown, or attempted to be shown. Juran simply swears defendant struck him on the head and he fell down, and felt appellant "getting about his pockets" and after getting home missed nine dollars. It can not be contended that either the wound in the hand or that on the cheek bone were serious wounds. Dr. Short describes the wound on the head as being a contused wound and inflicted by a blunt instrument, and about an inch long. He says it might be a dangerous wound but was not a serious one. The testimony standing as it does, with no other description and no other testimony than above set out, we are of opinion the court was not in error in refusing or failing to charge aggravated assault. The authorities bearing upon this phase of the case may be found collated in Branch's Criminal Laws of Texas, in section 84. See Halsell v. State, 29 Texas Crim. App., 22; Wilson v. State, 34 Texas Crim. Rep., 64; Head v. State, 52 Texas Crim. Rep., 488; Miller v. State, 59 Texas Crim. Rep., 249, 128 S. W. Rep., 117. We are, therefore, of opinion that there was no such error on the part of the court in refusing to give the jury a charge on aggravated assault as requires a reversal.

The judgment is therefore ordered to be affirmed.

*Affirmed.*