Upon reconsideration of the record and the authorities we are of opinion that the State's motion for rehearing herein should be granted. Article 1106, Vernon's P.C., was substantially given in the main charge, and we have concluded that under the facts, that portion of special charge No. 6, for failure to give which we reversed this cause, was erroneous and misleading. Said paragraph of said special charge is as follows: *Page 657 
"Now, therefore, if you believe from the evidence that the deceased was using a knife in his attack on defendant, if you believe he attacked defendant and that said knife was such as would have been calculated to inflict death or serious bodily injury, then you are charged that the law presumes that it was the design of deceased to inflict such injury. In case you have a reasonable doubt hereof, you will give defendant the benefit of such doubt."
This sought to have the jury told that if deceased used a knife
in an attack that the law presumed that he designed to injure. This statement was not correct as a matter of law, and especially so under the facts in the instant case. From the testimony of appellant's own eyewitnesses, as wll as those for the State, it appears certain that deceased had a knife in his hand, but Nelson Briscoe and Sewell, who went to the scene of the homicide with appellant and testified for him, and showed to have been immediately present, swore that while deceased had and used a knife in whatever attack he may have made upon appellant, same was at no time open but was held closed in one or the other of the hands of deceased during the entire attack. Nelson Briscoe testified that deceased had his knife in his right hand closed while attacking appellant, and that when deceased fell dead he saw the closed knife lying by his hands. Sewell swore that during the attack by deceased, he was striking appellant alternatively with both hands, and that he saw nothing of the knife, but when deceased fell dead he saw the closed knife lying by deceased's right hand. It is manifest that a closed knife held in the hand while making an attack with the fists, would not be a deadly weapon, and Article 1106, supra, should not be charged in such case. The above facts being true, a charge seeking to have the jury told that if deceased used a knife in attacking appellant it would be presumed that he intended to kill him, was properly refused.
It is the duty of the court to give charges as asked, with or without modification, or to refuse them. Jones v. State, 22 Texas Crim. App., 680; Sparks v. State, 23 Texas Crim. App., 447.
We further observe that no witness testified that said knife was a deadly weapon, or one with which death or serious bodily injury could be inflicted. Appellant said deceased struck him with it and cut his sleeve, but no wound was inflicted on his person. The knife was old and dull and the jaws were loose so that pressure on either blade would make it bend beyond the back spring. We have often held that when proof fails to show the deadly character of the weapon held by deceased, it was not necessary to charge Article 1106, supra. Goodman v. State,49 Tex. Crim. 188; Renow v. State, 56 Tex.Crim. Rep.; Spencer v. State, 59 Tex.Crim. Rep.; Ragan v. State,70 Tex. Crim. 498, 157 S.W. Rep., 483. We do not believe any case can be found where it is held necessary to have charged Article 1106, supra, where the evidence failed to show the deadly character of the instrument or weapon in the hands of deceased. We have *Page 658 
reviewed all the authorities again, which are cited by appellant in his brief, as well as many others, and have concluded that the facts in each of them showed so conclusively the deadly character of the weapon in the hands of deceased, as to clearly differentiate those cases from the one now under consideration.
In Kendall v. State, 8 Texas Crim. App., 579, this court used the following language: "The law makes different provisions for the exercise of the right of self-defense or the protection of another, according to the gravity, actual or apparent, of the attack, and the character of the attack must usually be determined by the judge in the first instance, before he delivers his charge to the jury. If the attack of the person slain was manifestly with intent to murder or maim, — that is, made with weapons or other means calculated to produce either of those results, — then there is no occasion to instruct a jury as to the law which obtains in case the attack was of a milder character, because such law is not applicable to the case, and can subserve no purpose other than to confuse the jury. On the other hand, if the attack clearly comes within the meaning of `any other unlawful and violent attack' than with intent to murder, or maim, or seriously injure, then the law governing the graver attacks should be altogether discarded as inapplicable. It can seldom happen in any case that such a determination by the judge can be attended with serious embarrassment, because it is only required to contemplate the weapons or means used by the appellant in the first instance, and if they are such as would have been calculated to produce death, or mayhem, then the law fixes the character of the assault."
In considering this motion we have had occasion to examine many authorities cited under Article 1147, Vernon's P.C., which is close of kin to Article 1106, supra. Said Article 1147 provides that if the instrument used by the accused he one not likely to produce death, it is not to be presumed that death was designed, etc.; and we have also carefully considered other kindred statutes, among them that of an aggravated assault, which becomes aggravated when the assault is committed with a deadly weapon. We have been unable to find a case wherein this court has upheld a conviction for an aggravated assault when the ground of aggravation is the deadly character of the weapon used, where the evidence did not show with greater certainty than in the instant case, the deadly character of such weapon. Martinez v. State, 33 S.W. Rep., 970; Wilson v. State, 34 Tex.Crim. Rep.; Branch v. State, 35 Tex.Crim. Rep.; Burleson v. State,73 Tex. Crim. 200, 164 S.W. Rep., 851.
Appellant's right of self-defense against an attack or threatened attack on the part of deceased causing reasonable expectation or fear of death or serious bodily injury, was fully submitted in the charge of the court in the instant case, and we think amply safeguarded his rights. *Page 659 
Believing that we were in error in our judgment of reversal, the motion of the State for rehearing is granted, and the judgment of the trial court herein is affirmed.
Affirmed.
 (CONCURRING.) December 7, 1921.