Homer Tucker v. The State

No. 6721.   Decided March 8, 1922.

Rehearing Denied April 26, 1922.

**1.—Aggravated Assault—Simple Assault—Sufficiency of the Evidence.**

Upon trial of aggravated assault if a verbal charge was given, no exceptions thereto were taken, and a requested charge on simple assault was refused because on the weight of this, and other refused charges were fully covered by one given at the request of the defendant, and the evidence supports the conviction, there was no reversible error.

**2.—Same—Rehearing—Serious Bodily Injury.**

Where one suffers from a blow on the head after the external effect has disappeared, it would seem to warrant a conclusion that the bodily injury inflicted was serious, and there was therefore no reversible error in finding defendant guilty of aggravated assault. Following Stephenson v. State, 27 Texas Crim. Rep., 461, and other cases.

Appeal from the District Court of Harrison.   Tried below before the Honorable W. H. Strength.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and thirty days confinement in the county jail.

*Scott & Lane,* for appellant.—Cited Walden v. State, 232 S. W. Red., 523.   Head v. State, 107 id., 829.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Harrison County of an aggravated assault, and his punishment fixed at a fine of $25 and thirty days in the county jail.

It is unnecessary to state the facts. No written charge was given. Being a misdemeanor case, no charge was required. Acts. 739-740,

Vernon's C. C. P.   If any verbal charge was given same was acceptable to appellant, as no exception thereto appears in the record. Two special charges were asked and given; and three were refused. Special charges to the effect that appellant could not be convicted of a higher grade of assault that a simple assault, were properly refused as on the weight of the evidence and incorrectly stated the law applicable to the facts; and the other refused charge was fully covered by one given at the request of appellant.  Appellant and his witness seemed to make out a case of self-defense.  This was controverted by the State whose only witness claimed an unprovoked assault upon him by appellant with a baseball bat wherein he was struck on the head by said bat and injured.  Assuming in the absence of exception thereto, that if a charge was given same fully presented the law applicable to all issues made by the facts, we do not feel warranted in reversing a verdict which has any reasonable support in the evidence. The jury are the sole judges of the facts, and unless their finding is so without support as to lead the unbiased mind to conclude prejudice, we would not disturb a judgment based on their verdict.   That the injured party was in fact struck on the head by said baseball bat is practically without controversy.   He was carried to a spring by other parties and blood washed from his head, and from there was taken in a car to a point where his wound was dressed by a doctor.  He testified that when he got hot, at times subsequent to the injury, his head hurt him.  The jury having concluded that the injury was serious, which was the ground of aggravation laid in the complaint, we are not inclined to believe the judgment without support, and no error appearing in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

April 26, 1922.

LATTIMORE, JUDGE.—Appellant urges the insufficiency of the evidence to support a conviction of assault of greater degree than simple assault.  As stated in the original opinion, there appears no charge in the record, and we must presume that if any charge was given by the trial court, the law of both aggravated and simple assault was fairly submitted to the jury and that they, with the law before them, acted within their province in concluding that the testimony showed infliction of serious injury.   That one suffers from a blow on the head after the external effects have disappeared, would seem to warrant a conclusion that the bodily injury inflicted was serious.    Stevens v. State, 27 Texas Crim. App. 461; Branch v. State, 35 Texas Crim. Rep. 304.

The motion for rehearing will be overruled.

*Overruled.*