### G. A. Lewis v. The State.

No. 9730.    Delivered January 27, 1926.

1.—Aggravated Assault—Evidence—Deadly Weapon—Pistol, per se, is Not.

Where, on a trial for an aggravated assault, committed by striking the injured party with a pistol, a pistol so used is not per se a deadly weapon. Whether a pistol is a deadly weapon when used to strike with as a club or stick, must depend upon its size or weight, in connection with the manner of its use, and the part of the person stricken with it. A pistol used to strike with is nothing more than a piece of iron of its size, shape and weight. See Skidmore v. State, 43 Tex. 94; Jenkins v. State, 30 Tex. Crim. Rep. 379 and other cases cited.

2.—Same—Serious bodily Injury—Not Shown.

Where, on a trial for an aggravated assault, predicated upon serious bodily injury, the evidence disclosed that but one blow was struck, which caused but one wound, that the injured party was not disabled in any way, did not suffer any injury which would be characterized as serious, this evidence does not show that serious bodily injury denounced by the Statute. Following Young v. State, 81 Tex. Crim. Rep. 514.

Appealed from the County Court at Law of Harris County. Tried below before the Hon. Ben F. Wilson, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $100.00.

The opinion states the case.

*Heidingsfelder, Kahn & Branch* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is aggravated assault; punishment fixed at a fine of $100.00.

There are two counts in the indictment. The first contains the averment that serious bodily injury was inflicted; the second, that a deadly weapon was used.

The undisputed evidence reveals the following facts: An automobile collided with a street car upon one of the streets of Houston. Appellant, a police officer, was directed to remove the obstruction caused by the wreck. Upon the arrival of the appellant, he found Herrera, the injured party, engaged in removing the wreck. An altercation took place in which the appellant, using his pistol as a bludgeon, struck Herrera on the head and put him under arrest. Herrera was not, by reason of the injury, confined to his bed and was not prevented from going to work on the morning following the injury. There was no expert testimony with reference to the effect of the wound. The pistol was used as a bludgeon. No attempt was made to use it as a firearm; nor was there evidence that it was loaded.

The controverted facts are these: Appellant and a number of witnesses who were called by the state, testified that before the blow was struck, Herrera addressed to the appellant an insulting epithet and struck him with an iron bar which, according to the undisputed evidence, was in possession of Herrera. There was testimony coming from the appellant and other witnesses that there was a wound upon the appellant's leg and that his clothes were torn by the blow with the iron bar. Herrera admitted that he had the iron bar but denied that he struck or pushed it against the appellant. He also claimed that after his arrest and while on the way to jail, he received other blows from the appellant. This was controverted by another police officer who was present, and also by the condition of the wound on Herrera.

There was evidence that the wrecked automobile contained some whiskey. Herrera said that the car did not belong to him but that he had been called by a person who gave his name as John and requested to remove it.

The case was tried before the court without a jury.

A pistol used as a bludgeon is not per se a deadly weapon. The present record is bare of evidence which would characterize the pistol in question, in the manner used, as a deadly weapon. No effort was made to shoot it; nor in any way to use it as a firearm. It was not shown to be loaded. The injury inflicted is not such as would support the inference that, in the manner used, the pistol was a deadly weapon. See Jenkins v. State, 30 Tex. Crim. Rep. 379; Stephenson v. State,

33 Tex. Crim. Rep. 162; Peacock v. State, 52 Tex. Crim. Rep. 432; McLendon v. State, 66 S. W. Rep. 554. From the Jenkins case, supra, we take the following quotation:

"In this case the allegation was that the pistol was a 'deadly weapon'. The evidence does not sustain the allegation. It shows that the pistol was a large one—a five-shooter—which staggered and dazed the assaulted party when struck with it, causing the blood to flow, but it is not shown that it was capable of producing death or serious bodily injury. Whether a pistol is a deadly weapon, when used to strike with as a club or stick, must depend upon its size or weight, in connection with the manner of its use and the part of the person stricken with it. A pistol used to strike with is nothing more than a piece of iron of the same size, weight and shape.' Skidmore v. The State, 43 Texas, 94."

In the present case, the injury inflicted was not, within the meaning of the law, serious bodily injury. It was not claimed that the blow inflicted caused more than one wound. The injured party was not disabled in any way; nor, so far as the evidence is concerned, did he suffer injury which would be characterized as "serious." See Young v. State, 86 Tex. Crim. Rep. 621; Royston v. State, 81 Tex. Crim. Rep. 514.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*