ATLEE CHAPMAN v. THE STATE.

No. 16866.    Delivered June 29, 1934.

The opinion states the case.

*John J. Pichinson* and *Fred Woodard,* both of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment being assessed at a fine of $25.00 and nine months' imprisonment in the county jail.

The State's case is that in a controversy arising over the detention of a women who owed a fine appellant took from one of the officers a pistol with which appellant then struck the officer over the eye. Appellant's case is that the two officers (deputy constables) were drunk and attempted to arrest appellant without cause; that the officers drew pistols and one of them struck appellant over the head; that in defending himself appellant struck one of the officers with his fist, and both he and appellant fell to the ground; that appellant disarmed the officer and refused to return the pistol to him because he was drunk. He did report the matter to the constable immediately and left the gun with the constable.

The motion for new trial was overruled on January 31, 1934, and notice of appeal given. On the same day in open court appellant entered into recognizance. On February 3rd appellant filed an amended motion for new trial setting up misconduct of the jury and the court heard evidence on the matters averred in the motion, but if the court ever acted on the amended motion the record fails to show it. Presumably the court was still in session, but appellant never withdrew his notice of appeal, nor requested the court to set aside the former orders which deprived the court of jurisdiction. We further observe that the amended motion for new trial is not sworn to. This is indispensable when the motion is based upon a claim of misconduct of the jury. Branch's Ann. Texas P. C., sec. 573. The evidence heard on the amended motion presents a serious question, but it is manifest from what has been said that the matter is not presented in a way to be considered.

The only ground of aggravation alleged in the indictment was that appellant struck the injured party with a pistol which was averred to be a deadly weapon. It is not alleged that he fired the pistol, and the evidence shows that although he had every opportunity to shoot the officer if he had so desired he did not do so. The only claim the State makes is that he used it to strike with. We quote from Branch's Ann. Texas P. C., sec. 1587, as follows: "If the only proof that the weapon used in the assault was a deadly weapon is that it was a pistol used as a bludgeon, the proof is insufficient to show that it is a deadly weapon. When an instrument or weapon is used to strike with, the size, weight and effect should be shown in order that there may be some evidence to show whether or not as used it was a deadly weapon."

Many authorities will be found annotated under the section supporting the text. There is not a word of testimony in

the record showing the size, caliber, or weight of the pistol claimed to have been a deadly weapon. The only evidence which throws any light upon the matter is the description of the wound suffered by the injured party, which was a cut above the eye. Testifying in regard to the wound, the doctor said: "It was a cut * * * about an inch and a half or two inches long, quite a bruise, with the laceration down through the periosteum, I think it necessitated· five or six stitches to sew it back. * * * It was a bruise and laceration. It was such a bruise as could have been caused by the head coming in contact with the pavement. I wouldn't think it was caused from a pistol, because it was more of a bruise; if it was a pistol it would probably be a clean cut, something like that, but it was more in the nature of a bruise and laceration; the tissues were bruised and cut, too."

A deadly weapon is one which from the manner of its use is calculated or likely to produce death or serious bodily injury. A serious bodily injury is one which is grave, not trivial, such an injury as gives rise to apprehension of danger to life, health or limb. We do not enter into a discussion generally of the fact necessary to show a serious bodily injury, and the opinions of this court are not in entire accord with reference to the matter. The following cases throw light upon the subject and furnish the necessary information, in the event there should be another trial. Housley v. State, 55 Texas Crim. Rep., 372, 116 S. W., 816; Parish v. State, 153 S. W., 327; Miller v. State, 59 Texas Crim. Rep., 249, 128 S. W., 117; Wilson v. State, 34 Texas Crim. Rep., 64, 29 S. W., 41; Head v. State, 52 Texas Crim. Rep., 489, 107 S. W., 829; George v. State, 21 Texas App., 317, 17 S. W., 351; Halsell v. State, 29 Texas App., 22, 18 S. W., 415.

For lack of evidence as to the deadly character of the pistol when used as it was in the present case we are constrained to reverse the judgment and remand the cause for a new trial, and it is so ordered.

*Reversed and remanded.*