HAL BUIE v. THE STATE.

No. 17489. Delivered May 8, 1935.
Rehearing Denied June 12, 1935.

The opinion states the case.

*Ennis C. Favors* and *Willis, Studer & Studer*, all of Pampa, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of aggravated assault and battery, and his punishment was assessed at confinement in the county jail for a term of one year.

It appears from the record that on the night of January 20, 1934, while Floyd Hoskins was out driving with his family the appellant's car collided with that of Hoskins resulting in a bent and broken fender. Hoskins followed the appellant to the town of Lefors and asked him to come look at his car and see what damages he had done, which the appellant declined to do. Hoskins then called him "yellow" and returned to his car with a view of continuing his ride with his family. About the time that he had entered his car the appellant approached Hoskins' car and when Hoskins attempted to get out of his car the appellant struck him with some instrument, knocking him down and inflicting serious bodily injury upon him. Hoskins was taken to a hospital where he lay unconscious until the next day about noon. The appellant plead self-defense and offered testimony in support thereof. The court in his charge, to which no objections were made, submitted the issue to the jury who found against appellant's plea of self-defense and found him guilty of aggravated assault and battery.

From the record before us we think that the verdict of the jury is supported by the testimony. Therefore, the judgment of the trial court is in all things affirmed.

*Affirmed.*

MORROW, P. J., absent.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant was indicted for assault with intent to murder Floyd Hoskins. The court did not submit the issue of assault with intent to murder. The issue submitted was whether appellant was guilty of aggravated assault resulting from the infliction of serious bodily injury upon Hoskins. The evidence shows that appellant struck Hoskins upon the back of the head with an object which was twelve or thirteen

inches long, the exact nature of which was not known. Three stitches were required to close the wound. Hoskins was rendered unconscious by the blow. The wound was received in the early part of Saturday night. He was taken to the hospital where he remained unconscious until ten or eleven o'clock on Sunday, and was kept at the hospital until Monday afternoon. No physician was called to testify as to the nature and probable result of the injury. Appellant contended upon original submission and urges upon rehearing that under the facts the injury sustained by Hoskins was not shown to be of that serious character which would support a conviction for aggravated assault.

In Chapman v. State, 73 S. W. (2d) 536, attention was called to the fact that the opinions of this court were not in harmony upon the subject. A number of cases were cited pro and con upon the question of what had been held by this court to be and not to be serious bodily injuries. The following cases with more or less cogency, depending upon the facts, support appellant's contention. George v. State, 21 Texas App., 315; Wilson v. State, 34 Texas Crim. Rep., 64; Halsell v. State, 29 Texas Crim. Rep., 22; Head v. State, 52 Texas Crim. Rep., 488; Parish v. State, 69 Texas Crim. Rep., 254; Black v. State, 67 S. W., 113; Miller v. State, 59 Texas Crim. Rep., 249; Lewis v. State, 103 Texas Crim. Rep., 82, 279 S. W., 819; Spiller v. State, 150 S. W., 1164; Young v. State, 86 Texas Crim. Rep., 621, 218 S. W., 754. Perhaps the strongest cases upon the facts are those of Head, Wilson and Parish. From the language employed in those opinions we are inclined to believe the decisions holding the injury sustained not to have been serious turned upon the testimony of physicians. Sustaining the verdict of the jury that appellant was guilty of aggravated assault may be listed the following cases. Bruce v. State, 41 Texas Crim. Rep., 27; Housley v. State, 53 Texas Crim. Rep., 372; Thomas v. State, 55 Texas Crim. Rep., 295, 116 S. W., 600; Fulkerson v. State, 57 Texas Crim. Rep., 80; Wimberly v. State, 60 Texas Crim. Rep., 65; Nickerson v. State, 154 S. W., 992 and Svidlow v. State, 90 Texas Crim. Rep., 510, 236 S. W., 101. In Miller's case (supra), cited as sustaining appellant's contention, there was a dissenting opinion which referred to and relied upon the Bruce and Housley cases (supra). The case nearest upon the facts which we have been able to find is that of Thomas (supra). There the injured party was struck with something and knocked unconscious and remained in that condition two or three hours. He was struck on the point of the chin and had two teeth

knocked out and his jawbone fractured. The same contention was made there as is here made, that the evidence was not sufficient to show that the injury sustained was of such serious character as to support a conviction for aggravated assault. The court in passing upon the case said:

"We think a blow in the face which knocks a grown man down, renders him unconscious for two or three hours, fractures his jawbone and knocks out some of his teeth, is a serious injury."

While in the present case we have no broken jawbone, and no lost teeth, yet, the facts do show that Hoskins remained unconscious for more than twelve hours. We are not willing to hold as a matter of law that an injury which produces such results is of a trivial or light character.

Appellant's motion for rehearing is overruled.

*Overruled.*