# FEBRUARY 10, 1937.

## HARRY ABADIE V. THE STATE.

No. 18702. Delivered January 6, 1937.
Rehearing Denied (Without Written Opinion) February 10, 1937.

The opinion states the case.

*W. R. Blain,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is aggravated assault; the punishment, a fine of $100 and confinement in jail for 90 days.

According to the testimony of the State, appellant made an unprovoked attack on A. Brazile with a knife. It was appellant's version that he acted in self-defense.

Appellant contends that the evidence is insufficient to show

that the knife he used was a deadly weapon. We find no testimony in the record showing the size of the knife. However, the testimony of Brazile discloses that he was cut and stabbed several times. He said: "He cut me there and I can't raise this arm yet. I am still disabled." Again we quote from his testimony: "I was in the hospital fourteen days. I have not been back to work since that. I can't work. How can I work when I can't hardly walk? When I get up I am stiff. He cut me with a knife." On cross-examination he testified: " I have lost some flesh since I was cut. I am weak yet. I was stronger at that time than I am now." We quote further from his testimony: "I was on top but he was cutting me all the time. How could I get up? I was cut to death. After I got up I started home by myself. I walked all the way from the place where I was cut to the corner. When I got to the corner I got weak. Yes, sir. I walked all the way down to the corner from Herring Street down to the corner before anyone helped me. My boy helped me on to the house then." The assault occurred on the 14th of May, 1936. The trial was held on the 30th day of June, 1936. Thus it appears that approximately a month and a half after he received the injuries Brazile was weak and unable to work. Again, according to the testimony, one of his arms was disabled. These circumstances, taken in connection with the fact that his injuries required him to remain in the hospital fourteen days, warranted the conclusion that the injuries were grave, not trivial, and were such as give rise to apprehension of danger to life, health or limb. See Chapman v. State, 73 S. W. (2d) 536. In support of our conclusion, we cite Buie v. State, 83 S. W. (2d) 346.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.