## W. A. Davis v. The State.

No. 23562. Delivered February 5, 1947.

*King C. Haynie,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is aggravated assault and battery. The punishment assessed is confinement in the county jail for one year and a fine of $250.00.

The only question presented for review is the insufficiency of the evidence to justify and sustain his conviction.

The record reflects that on the night of the 20th day of May, 1946, W. B. Letts, the injured party, was in Kelly's Restaurant located on Texas Avenue in the City of Houston; that while he was in there talking with Mr. McCamey and Mr. Stone, appellant came into the restaurant and invited Letts to come outside stating that he wanted to talk to him. Letts complied with the request and when he had gotten outside on the sidewalk, appellant asked him where his brother, Jim, was. Letts replied that he knew where Jim was, but was not going to tell him and then turned to walk away. When he did so, appellant unexpectedly hit him in the jaw, breaking his jaw bone on the right side of his head, knocking him down; that after Letts had fallen to the sidewalk, appellant kicked him in the side and back, and continued to do so until Mr. McCamey pulled appellant away.

The dentist who attended Letts, the injured party, testified

that he put two screws in the fractured jaw and wrapped it with a bandage in order to unite the broken bone.

Appellant, by his testimony and that of his witness, raised the issue of self-defense which the jury decided adversely to him.

He contends, however, that the injuries inflicted upon W. B. Letts were not serious. It occurs to us that when a person receives a blow which fractures his jaw bone, that is rather a serious injury. Such an injury cannot be regarded as a trival one since it may give rise to apprehension of danger to health. Whether or not it was a serious bodily injury was a question of fact for the jury, and we would not be authorized to interfere with the verdict of the jury unless it appeared from the evidence that the injury was not serious.

In support of what we have said here, we refer to the following authorities: Thomas v. State, 55 Tex. Cr. R. 293, 116 S. W. 601, Svidlow v. State, 90 Tex. Cr. R. 510, Housley v. State, 55 Tex. Cr. R. 372, Buie v. State, 83 S. W. (2d) 346, Tucker v. State, 239 S. W. 978, 91 Tex. Cr. R. 538.

No reversible error appearing in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.