### J. H. FULKERSON v. THE STATE.

#### No. 28. Decided October 20, 1909.

**1.—Aggravated Assault—Serious Bodily Injury.**

Where, upon trial for aggravated assault, the evidence showed that the defendant inflicted serious wounds upon the party injured by means of blows on the latter's head with a ticket punch, etc., the charge in the indictment is sustained.

**2.—Same—Continuance—Second Application.**

In a second application for continuance it is required to show that the absent testimony cannot be procured from any other source known to the defendant, and where another witness testified to the same facts there was no error in overruling the motion.

Appeal from the County Court of Denton. Tried below before the Hon. Lee Zumwalt.

Appeal from a conviction of aggravated assault; penalty, a fine of $100.

The opinion states the case.

*Garnett & Eldridge* and *Hopkins & Milliken,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is an appeal prosecuted from a conviction for the offense of aggravated assault obtained in the County Court of Denton County.

The testimony of the State is to the effect, in substance, that appellant practically without excuse struck one T. E. Gerren while his back was towards him some eight or ten blows on the head with his ticket punch, inflicting serious wounds, knocking him down, and rendering him unconscious. The record shows that the wounds were of such gravity as to confine Gerren to his bed, and that one

of them was two and one-half to three inches long, breaking the skin and penetrating to the bone. Appellant claimed he acted in self-defense, and on this issue the testimony was decidedly conflicting. The case was tried before the court without the intervention of a jury. The State's evidence, if believed, makes out a case.

1. Among other things, it is urged there is no sufficient evidence that the injury was serious as that term is used in the statute, and we are referred, to sustain this proposition, to numerous decisions of this court. It seems to the writer that the decisions have gone very far on this line and have required the injuries to be indeed serious in fact before a conviction could be sustained under this subdivision of our statute. Each case after all, however, rests somewhat on its own facts. Our judgment is, however, that as here presented the evidence is sufficient. Wilson v. State, 34 Texas Crim. Rep., 64, and Stevens v. State, 27 Texas Crim. App., 461.

2. When the case was called for trial appellant made his second application for a continuance for want of the testimony of J. M. McCommas, who was alleged to reside in the city of Dallas, and R. M. Low, who was alleged to reside at Letot, in Dallas County. No process was issued for either of these witnesses until on or about the day the case was called for trial, which was on the 21st day of January, 1908. The application itself shows that it was the second application. Among other essentials required in a second or subsequent application is that same shall show that the testimony can not be procured from any other source known to defendant, and it has been uniformly held that an application which fails to show this is insufficient. McCulloch v. State, 35 Texas Crim. Rep., 268; Pinckord v. State, 13 Texas Crim. App., 468; Henderson v. State, 5 Texas Crim. App., 134. It also appears by an affidavit of McCommas attached as an exhibit to the application that he was not a witness to the difficulty, but had talked to a news man on the train who said to him, in substance, that Gerren, the assaulted party, had cursed Fulkerson, and Fulkerson told him to sit down, when Gerren made a play to draw something from his pocket, when Fulkerson hit him. So in any event the case ought not to have been continued under any circumstances for the testimony of this witness. In view of the contest filed by the county attorney, it is far from certain that the witness, R. M. Low, in fact lived in Dallas County, and, as presented, in any event it is not certain under any circumstances that the court would have been warranted in granting the application. Whatever may be true of this matter, it is certain that in view of the fact that appellant produced a witness who was present, one Harlow, who testified as an eyewitness to all the facts, in substance, which it was averred could be proven by

the missing witnesses, the court did not err in overruling the application.

There is no other matter of record that requires notice. The case was essentially one of fact which was submitted to the trial court, who had far better opportunities than we could have of judging of the credibility of the witnesses, and under the settled rules there is no reason why we could or should interfere.

Finding no error in the record, the judgment of conviction is in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.