### Herman Shelton v. The State.

No. 2004.    Decided November 6, 1912.

**1.—Aggravated Assault—Charge of Court—Other Grounds of Aggravation.**

Where, upon trial of aggravated assault, the charge of the court submitted other grounds of aggravation and means of committing the assault than those charged in the information, the same was reversible error.

**2.—Same—Charge of Court—Serious Bodily Injury.**

Where, upon trial of aggravated assault, the information charged that the same was made by defendant by cutting the party injured with a knife, inflicting serious bodily injury, the court should have submitted a requested charge upon the meaning of serious bodily injury, as the court's main charge did not cover this phase of the case, and the evidence did not disclose that the injuries inflicted were of a serious nature.

**3.—Same—Provoking Difficulty—Charge of Court.**

Where, upon trial of aggravated assault, the evidence did not raise the issue of provoking the difficulty, it was reversible error to submit a requested charge by the State on provoking the difficulty, to which defendant excepted.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of aggravated assault; penalty, a fine of $25 and fifty days confinement in the county jail.

The opinion states the case.

*Collins, Cummings & Shurtleff*, for appellant.—On question of submitting other grounds of aggravation: Mansfield v. State, 63 S. W. Rep., 630; Bradford v. State, 25 Texas Crim. App., 723; McGrew v. State, 19 id., 302.

On question of serious bodily injury: Hext v. State, 48 Texas Crim. Rep., 576, 90 S. W. Rep., 43.

On question of provoking difficulty: Cases cited in opinion.

*C. E. Lane*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $25 and fifty days imprisonment in the county jail.

The information charges that appellant committed the assault upon Frank Spence with a rock, the same being a deadly weapon, and did then and there with said deadly weapon inflict upon the said Frank Spence serious bodily injury. There was another count in the information which charged that by cutting him with a knife he inflicted serious bodily injury. The court charged the jury: "An assault becomes aggravated when committed under any of the following circumstances: When serious bodily injury is inflicted upon the person assaulted. When committed with a deadly weapon under circumstances not amounting to an intent to murder or maim. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury.

Now if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Herman Shelton, on or about the time alleged in the information did commit an aggravated assault by then and there assaulting and cutting the witness Frank Spencer with a knife, as alleged in the said information filed herein you will find the defendant guilty and assess his punishment by a fine of not less than twenty-five dollars nor more than one thousand dollars, or by imprisonment in the county jail for not less than one month nor more than two years, or by both such fine and imprisonment." And then instructed the jury not to consider the first count.

It is contended that the charge is erroneous in submitting other grounds of aggravation and means of committing the assault than those charged in the information. This perhaps is fundamentally erroneous in that it authorizes the conviction of appellant upon grounds not set out in the information or affidavit. The evidence does not disclose that the injuries were of a serious nature; no witness testifies to that fact. To meet this appellant asked two special charges, the first instructing the jury that there was no testimony showing serious bodily injury at the hands of the defendant, with directions to acquit. This was refused. He then requested that the jury be instructed that the term "serious bodily injury" means such injury as gives rise to apprehension, an injury which is attended with danger. This was refused. Under the facts this was error. The instructions at least should have been given informing the jury what it took to constitute serious bodily injury.

Another charge was asked by the State, to wit: "In connection with the main charge you are further charged as a part of the law herein, that if the defendant either by the use of words, or by acts committed by him, either or both, at the time of the alleged difficulty, did so, for the purpose of provoking a difficulty, he would not be entitled to an acquittal on the grounds of self-defense." This charge was asked by the county attorney and given to the jury. This charge was clearly erroneous. No witness, as we understand this record, testified that appellant provoked the difficulty with the alleged injured party, Frank Spence. The State's case was made as strong as it could

be made, or was made by the witness who testifies under the name of Frank Spencer. He says: "My name is Frank Spencer. I know the defendant, Herman Shelton, and have known him for about three months. I saw him in the latter part of January at Memphis Weaver's house in Hill County between 10 and 11 o'clock. Mrs. Weaver, Jessie Shelton and two kids were there. I was sitting down by the stove and Herman came in and went to the bed and began fighting his wife, and I said to him, 'I would not do that friend, if I were you,' and I tried to get him to quit. And Herman asked, 'What I had to do with it,' and I hit him with a rock and he cut me in the head. As I was going out of the door he ran into me again and he fell down and I got my knife and he cut me again and we both went to cutting. I went out. I never did strike him before he struck his wife, and did not cut him until after he had cut me." This is practically the State's case. Memphis Weaver, one of the parties mentioned by the former witness, said these parties were at her house; that Herman Shelton, the defendant, was there on her invitation. On reaching the place appellant's wife opened the door, and they went in, the witness going in first. Frank Spencer was in the house. The way the trouble came up between Frank and Herman was "that Herman walked in the house and Frank was behind the door and Herman went to the bed and said to his wife, he was going to kill her and hit down on the bed, and then he reached for his knife, and then he opened it and Frank walked out on the steps. I do not know what he threw. That is the first time anything occurred between them there and they went out of doors to fighting. I never heard him say anything. I never heard him say, 'I would not do that Herman.' I don't know exactly the size of the room where I lived, it is just a small house. Herman Shelton did not go toward Frank Spencer or make any effort toward him until after Frank threw at him." The defendant also testified that "the way the fight between Frank Spencer and I occurred, was when I went in he was standing behind the door. I walked over by the bed where my wife was laying and spoke to her and asked what she was doing. When I turned around, then Frank Spencer hit me in the chest with a rock, and when he did we just went to fighting. He was about six feet from me when he hit me, and he had his knife. When I got hold of him he cut me twice, on the head and on the chin. He broke his knife off in my head. I got him the last time and he fell down and I quit cutting him, and I had been cut twice before that. I had not done anything or said anything to Frank Spencer at the time he struck me. He spoke to me and I spoke to him. The last time I cut him was to keep him from killing me and so I could get out of the house." The appellant further testified that he and his wife had been separated for about two or three months. He denied having hit his wife, but he had hit at her once. We fail to find any evidence in this record where appellant provoked a difficulty with Frank Spencer, and the court was in error in submitting that issue to the jury. Culp v. State, 58 Texas

Crim. Rep., 74, 124 S. W. Rep., 946; Harrison v. State, 102 S. W. Rep., 412.

There are several bills of exception presenting charges asked and refused, and exceptions to the court's charge, and charges given by the court, both in the original charge and the charge given at request of the county attorney. The questions would hardly need citation of authorities.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*