### JESSE ROYSTON v. THE STATE.

No. 4491.   Decided May 23, 1917.

Rehearing granted June 20, 1917.

**Aggravated Assault—Information—Insufficiency of the Evidence.**

Where the information alleged an aggravated assault to have been committed with a deadly weapon, and also serious bodily injury and the proof was insufficient to sustain the allegation, the conviction could not be sustained. Prendergast, Judge, dissenting.

Appeal from the County Court of Bexar. Tried below before the Hon. Nelson Lytle.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars and sixty days confinement in the county jail.

The opinion states the case.

*A. L. Hatchett* and *L. W. Greenly,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault by the judge who tried the case, a jury having been waived. His punishment was assessed at a fine of $25 and sixty days imprisonment in the county jail.

The complaint and information contain two counts, one charging the assault to have been committed with a rock, which was a deadly weapon; the other that the assault was aggravated by reason of the fact it produced serious bodily injury. There is nothing to indicate that the rock was a deadly weapon, except the fact that defendant, under the State's view, knocked the assaulted party down twice, hitting him in the back of the head the first time, and upon his getting up defendant struck him again and at this time he had a rock in his hand. The inference may be deduced that both blows were inflicted by the rock. The only evidence in regard to the seriousness of the wound was the testimony of the assaulted party wherein he states that he was laid up or suffered from the wound for a couple of weeks. This is

rather meager testimony to show that the assault was of a serious nature, but it may have been sufficient under the circumstances to have justified the court reaching the conclusion that serious bodily injury was inflicted. Taking this view of the matter the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### June 20, 1917.

DAVIDSON, PRESIDING JUDGE.—On a former day of this term this judgment was affirmed. Appellant contends in his motion that the evidence does not sustain the conviction and the affirmance was error.

In the opinion affirming it was stated that there was nothing to indicate that the rock was a deadly weapon except the fact that defendant, under the State's view, knocked the assaulted party down twice, hitting him in the back of the head. It was also stated that the only evidence regarding the seriousness of the wound was the testimony of the assaulted party wherein he states that he was laid up or suffered from the wound for a couple of weeks.

After a more careful revision we are inclined to the opinion now that the affirmance ought not to have occurred and in order to make the matter clear we copy the testimony of the one State witness in respect to this phase of it. This witness says: "I started on past Royston on towards my home. The next thing I knew somebody struck me. Royston was behind me. The blow knocked me to the ground and I was unconscious for a few minutes. I was hit in the back of the head with some hard substance and injured for a couple of weeks. When I arose, Royston struck me again. When I got up I saw that he had a large rock in his hand. I picked up a rock to defend myself." This is the entire testimony with reference to the deadly nature of the rock and the seriousness of the wound. Reviewing this testimony we are of the opinion that testimony does not show that character of seriousness contemplated by the law. The amount of the injury is not stated. It might have been a slight wound and would take a couple of weeks for it to heal. The cases bearing upon this question will be found collated in Branch's Criminal Law on page 43. It is unnecessary to make quotations from these opinions or investigation of the matter as we are convinced that we were in error in the original opinion, and the motion for rehearing is granted, the affirmance set aside, and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The original opinion was correct, and should be adhered to. "Serious" bodily injury does not mean that the injury must anything like, or nearly, or almost, produce death. It means simply that the injury must not merely be trivial or slight. It must only be grave,—serious. For one man to strike an-

other in the back of the head with a large rock and knock him down and render him unconscious for a few minutes and then strike him again with the rock when he gets up, and injure him for two weeks, would certainly be a serious injury. Such injury would not be trivial or slight. Bruce v. State, 41 Texas Crim. Rep., 27; Fulkerson v State, 57 Texas Crim. Rep., 80; Housley v State, 55 Texas Crim. Rep., 372; Thomas v. State, id., 293.

I respectfully dissent.