## J. H. FAULKNER v. THE STATE.

No. 20729. Delivered January 24, 1940.
On Motion to Reinstate Appeal February 21, 1940.
Rehearing Denied March 27, 1940.

The opinion states the case.

*Owen & Bohannan,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.
The offense is aggravated assault; the punishment, a fine of $100.00 and confinement in jail for six months.

The transcript bears a caption which shows that the court adjourned on the 23rd day of June, 1939. It appears from the file mark on the charge of the court and the date of judgment of conviction that the trial was had on the 24th day of June, 1939, which, according to the caption, was in vacation. Also the caption fails to show the date of the commencement of the term at which appellant was tried. Under the circumstances, we are constrained to dismiss the appeal. See Williams v. State, 18 S. W. (2d) 654.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION TO REINSTATE APPEAL.

KRUEGER, Judge.

On a former day of this term of Court, we dismissed the appeal in this case by reason of a defective record. Since then the record has been perfected. Therefore the appeal is reinstated and the case will now be disposed of on its merits.

Appellant's main contention seems to be that the evidence is insufficient to justify and sustain his conviction of an aggravated assault, in that the proof fails to show that serious injury was inflicted upon the assaulted party. The salient facts proved relative to the extent of the injury are in substance as follows:

George Bradley, the injured party, testified that appellant and three companions appeared at his garage one Sunday night and started an argument with him about some repair work that he had done on appellant's car. This lead to some abusive language and finally precipitated a fight. Bradley testified that he had a hammer in his hip pocket; that he felt it leave his pocket and something struck him on the head. He fell paralyzed to the ground and was hit again, but then lost consciousness. The next he remembered, he was parked beside the hospital. He walked into the hospital and was treated for his injuries. Dr. Allen, who administered to the injured party, testified in substance as follows: "He had two injuries on his head—two scalp wounds. * * One is a long laceration on the right hand side of the top of his head * * 4 to 6 inches long. The wound * * on top of his head had a center and radiating in several directions were lacerations. I was able to pull back

the flap of the skin * * I found that it was a fracture of the skull, a little bit half-mooned in shape. I think that hammer or some similar instrument could have caused that wound. * * I think a wound of that nature could have been associated with danger. * * The danger from such wound is that of concussion of the brain * * and might cause paralysis. That usually sets in immediately, but is possible to set in later. My opinion is he is not going to have very much trouble with it, but it is possible he might have some delayed reactions or delayed injuries."

A city policeman who arrived on the scene soon after the difficulty had terminated testified that he found Bradley laying on the ground unconscious. That blood was flowing from his head, nose and mouth. That he was in no condition to walk to the hospital by himself. Appellant plead self-defense. Can it be said as a matter of law that a blow on the head with a hammer or an instrument of like kind, which fractures the top layer of the skull and causes the blood to flow from the nose, head and mouth is not a serious wound? We think not under the holdings of this Court in the cases of Housley v. State, 55 Tex. Crim. Rep., 372, 116 S. W., 816, Fulkerson v. State, 57 Tex. Crim. Rep., 80, 121 S. W., 1111, Roberts v. State, 99 Tex. Crim. Rep., 492, 269 S. W., 103. See also the case of Buie v. State, 83 S. W. (2d) 346 where the authorities are collated by Judge Hawkins and the question fully discussed. It occurs to us that the question of whether the wounds inflicted were such as constituted serious bodily injury was a question for the jury to determine from all the evidence in the case. We have carefully examined the authorities cited by appellant in support of his contention. In those cases the State failed to show that the wounds were of a serious nature. See Head v. State, 107 S. W., 829 and Lewis v. State, 279 S. W., 819.

Bill of exception number one reflects the following occurrence. While Dr. Allen was testifying as to the nature of the wounds on the head of the injured party, he was asked by the County Attorney whether or not the wound on the head of George Bradley was a wound which was attended with danger, to which Dr. Allen replied in the affirmative. He was then asked whether it would be considered painful and whether it was painful, which questions he also answered in the affirmative. Appellant objected to such questioning because the questions were leading and were incompetent, irrelevant, immaterial, inflammatory and prejudicial.

The first question as to the nature of the wound was not

leading and was admissible to show the nature and character of the wound, since the burden rested upon the State to show the same. The question as to whether or not the wound was painful, while perhaps not relevant, would not under these circumstances be the basis for a reversal. It is common knowledge that such a wound is painful. Moreover appellant objected to testimony, a portion of which was clearly admissible. Such an objection to testimony has been repeatedly held too general to be considered. See Aven v. State, 77 Tex. Crim. Rep., 37, 177 S. W., 82; McKinney v. State, 80 Tex. Crim. Rep., 31, 187 S. W., 960; Davis v. State, 83 Tex. Crim. Rep., 545; Branch's Ann. P. C., Sec. 211, p. 135 and the authorities there collated.

By bill of exception number two, appellant complains because the County Attorney asked Dr. Allen how much more force it would have taken to have crushed the injured person's inner skull. Dr. Allen replied that it was impossible for him to tell —that the inner skull is not quite as pliable as the outer and it would take less force to crush it than the outer part. Appellant objected because the question called for the conclusion and opinion of the witness and was incompetent, inflammatory and prejudicial. We are at a loss to understand how appellant suffered any harm from such manner of questioning. The doctor replied that he did not know the answer to such questions, but it would take less force to crush the inner skull. Moreover testimony relative to the nature, size and seriousness of the wound was the most highly controverted issue in the case, the State being required to show its dangerous nature. See Smiley v. State, 87 Tex. Crim. Rep., 528, 222 S. W., 1108. Testimony relative thereto would appear to be admissible on this issue.

Bills of exceptions numbers 3, 4, and 5 are without merit.

No error of a reversible nature appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant, in a very earnest motion for rehearing, presents as the main ground therefor that justice has miscarried in this case and appeals to the court to rectify the same. If it is an

error of law, it is the duty of this Court to correct it. The evidence is conflicting, and it is for the jury, not this Court, to determine the true facts.

We have reviewed the record in the light of the motion for rehearing and have concluded that the matters of law raised were properly disposed of in the original opinion.

The first question presented in the motion complains of the evidence that officers commanded the appellant and others to hold up their hands and come out of the car when arresting them. The idea seems to be that this evidence indicated to the jury that they were bad men and had committed other crimes. We are unable to concur in this view or understand the theory upon which it might be so inferred.

The next question complains of the admission of the evidence of Miss Span in giving her opinion as to the seriousness of the wound inflicted or rather the possibility that it might be serious. This same testimony came from Dr. Allen, who testified for the State and whose testimony was admitted without objection.

The record does not corroborate the appellant in his contention that the doctor took the contrary position. The original opinion sets out the testimony of the doctor and properly reflects his testimony.

It is presented in arguing the case that the penalty assessed reflects the damaging effect of the testimony of the officers who arrested appellant. It is a severe penalty but when the nature of the injury as described is taken into consideration, we do not feel that we should disturb the finding of the jury nor substitute our judgment for theirs in a case properly submitted to them.

Finding no error in the original opinion, the motion for rehearing is overruled.