The People of Puerto Rico, Plaintiff and Appellee, *v.*
Irma Fonseca Medina, Defendant and Appellant.

No. 10000. Argued June 14, 1943.—Decided July 31, 1943.

*F. García Quiñones* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

A complaint was filed against Irma Fonseca Medina charging her with the crime of aggravated assault and battery, the injury inflicted being of a serious character. After finding her guilty, the District Court of San Juan, which took cognizance of the case on appeal, rendered judgment and imposed on her a fine of $50 or one day in jail for each dollar left unpaid. The lower court stated:

"The court has no doubt as to the guilt of the defendant. She inflicted the wound which is clearly visible, it is a serious wound. This is not a case of self defense as alleged by the defendant."

Feeling aggrieved by this judgment, Irma Fonseca appealed to this court and charges the district court with hav-

ing committed 3 errors, in weighing the evidence with passion, prejudice, and partiality, in holding that the wound inflicted was serious, and in deciding that the appellant did not act in self defense.

We have examined the evidence and find nothing in it to to support the charge that the lower court acted with passion, prejudice and partiality in weighing the same. Neither did it err in deciding that the defendant did not act in self defense when she assaulted the injured party with a gem blade. The first and third errors assigned were not committed. Let us examine the second assignment. Could the lower court reach the conclusion, as it did, that the wound inflicted was serious, and, therefore, that there existed the aggravating circumstance charged?

 The record discloses that after Torres, the injured person, testified that appellant had wounded him, the following took place:

"Q. What wound? (He showed a scar on the left side of his face.)

"Mr. García Quiñones: Let the judge look at it.

"Q. A wound in the face, on the left side, from the maxillary in the temporal region to the inferior maxillary, about four or five inches long."

The English text of the Assault and Battery Act, which should prevail since it is taken from the Texas statute (*Lange* v. *People*, 24 P.R.R. 796), describes the aggravating circumstance thus: "7. When a serious bodily injury is inflicted upon the person assaulted." (Subdivision 7 of §6 of the Assault and Battery Act of 1904 which replaced §237 of the Penal Code, 1937 ed., p. 156), that is: "7. *Cuando se infiere grave daño corporal a la persona agredida.*" Therefore the Spanish translation appearing in the Code which reads "7. *Cuando se infiere una herida grave a la persona agredida*" ("7. *When a serious wound* is inflicted upon the person assaulted.") (Italics ours), is incorrect, since the

term "serious bodily injury" has a broader scope than "a serious wound."

■ In 5 Corpus Juris 734, the term "serious bodily injury," is defined as it appears in a Texas case, *Bagley* v. *State,* (Tex. Cr. A.) 150 S. W. 773, thus:

"A 'serious bodily injury' has been defined as one which is attended with danger or gives rise to apprehension."

In footnote 16 of the textbook and page quoted, several Texas cases dealing with this matter are cited.

■ A wound four or five inches long in the face like the one inflicted herein with a "Gem" blade, which leaves a scar that is noticeable several months later, may be considered a serious bodily injury so long as the evidence discloses that the wound was attended with danger or gave rise to apprehension, as provided by the statute and decisions cited.

■ Therefore, we decide that a mere examination of the scar, with no further evidence, is not the proper manner for the judge to determine the serious character of the wound. It can not be conclusively maintained that the aspect of a scar is by itself sufficient. A cutting wound, superficial and long, may leave a scar which from its appearance may seem serious even though it was really a slight cut, while a deep wound may leave a small scar and still it may have been a serious wound.

The second error was committed, but it results only in modification of the judgment as to the degree of the crime, for the penalty imposed, the minimum for aggravated assault and battery, is the same as the maximum for simple assault and battery.

The judgment appealed from is modified in so far as it should find the defendant guilty of simple assault and battery with the same fine imposed and as modified it is affirmed.

Mr. Chief Justice Del Toro and Mr. Justice Travieso did not participate herein.