## JAY A. HALE, JR., V. STATE.

No. 24463. November 9, 1949.
Motion for Rehearing Denied (Without Written
Opinion) May 24, 1950.

*C. O. McMillan*, Stephenville, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with an aggravated assault upon one, Clark Johnson, by striking him with his fist and thereby inflicting serious bodily injury upon the said Johnson, etc. The punishment was assessed at confinement in the county jail for 60 days and a fine of $100.00.

The testimony shows that appellant struck Johnson, who had an armful of groceries and was placing same in a car, and that Johnson was knocked down by the blow. The injuries caused by such act are shown by the testimony of the doctor, who testified as follows:

"Leaving the *ex-ray* part of it out I was still able to tell what was wrong with Clark Johnson's face and jaw. The man had a ruptured blood vessel over this area of the cheek—ruptured blood vessel, with a ruptured blood vessel also in the eye, covering the white of the eye, and this blood vessel was ruptured in the cheek, due to whatever force was applied to this cheek and that caused the swelling and all in the area of the cheek bone. As to what effect it had upon the cheek bone or sinus, there

was a pressure on the facial nerve—the nerve that supplies that side of the face causing a paralysis of that face and causing the lip to pull to the side. As to what I did about the ruptured blood vessel in his jaw, as in all treatment I tried to allow nature to take care of that by the application of treatment, and somewhere around, I would say, approximately the 5th to the 7th day after we saw that wasn't being taken care of, trying not to disfigure this man's face on the outside, we went in through the jaw and aspirated or withdrew blood from that hematoma or this blood clot in the face. That was drawn away on some three different occasions. That is right, sir, we stick a needle in and draw it out with a syringe. Mr. Johnson was under treatment and observation for some two to three weeks. As to whether those injuries to Clark Johnson were serious bodily injuries, in my understanding of it, from my experience as a medical doctor, yes, sir, it was a serious injury. In my opinion of it, it was an injury that gave rise to apprehension and was attended with danger to his health. Yes, sir, the thing that prevented it was the treatment it got."

On cross-examination the witness testified:

"As to whether it is the same thing as a facial bruise or a black eye or whether it is the same principle, only in the release of the blood, sir. As to what causes an eye to turn black or a bruise to turn black, that is due to the extravasation of blood out into tissue. No, sir, the injured man's bones were not broken. There was no bony injury in the face. As to whether it is a fact that he had to stay under my treatment as long as he did due to the condition that resulted from the blood being released into his face and a fear of infection, not only fear of infection, but because of the pressure of that causing this speech paralysis, yes, sir. As to whether he has completely recovered, that I don't think so, sir, due to the fact that Mr. Johnson now has a small nodule remaining in his cheek probably and in all probability is due to scar tissue where that hematoma developed and the process of healing occurred and at this time he complains still of a certain amount of numbness. No, that is not where I went into the face there; it is up in the upper part of the cheek. I went into the lower part of the lip."

Complaint is made of the sufficiency of the evidence. It will be noted that the trial court charged the jury that a "serious bodily injury" was one that must be grave, not trivial; such an injury as gives rise to apprehension or danger of life, health or limb. See Branch's Crim. Law, p. 43, sec. 84, and many cases there cited, as well as later cases. See also Gonzales v. State,

146 Tex. Cr. R. 108, 172 S. W. (2d) 97; Cain v. State, 138 Tex. Cr. 573, 138 S. W. (2d) 102; Faulkner v. State, 138 Tex. Cr. R. 632, 137 S. W. (2d) 1039; McKee v. State, 93 Tex. Cr. R. 217, 246 S. W. 1035; Thomas v. State, 55 Tex. Cr. R. 293, 116 S. W. 600; Bagley v. State, 67 Tex. Cr. R. 574, 150 S. W. 773; Shelton v. State, 68 Tex. Cr. R. 124, 150 S. W. 940.

There is but one bill of exception in the record, and it complains because the doctor was allowed to testify as follows:

"As you examined him as you did on the first occasion and as you examined him thereafter and treated him thereafter during the course of that two weeks' period, from all of that, in the light of your treating and medical experience as a licensed and practicing physician and surgeon, state whether or not those injuries that Clark Johnson had were serious bodily injuries?

"Be it further remembered that the defendant then and there excepted to such question on the ground that the same calls for a legal conclusion and invades the province of the jury and is not such an opinion as a witness may give, and is prejudicial to the rights of the defendant.

"Be it further remembered that the court overruled the objection of the defendant and that the defendant then and there in open court excepted; that the witness over such objection was permitted to answer said question and did answer same saying:

" 'Yes, sir, it was a serious injury, yes, sir.' "

In the first place, we think the answer was admissible. The witness was an expert physician and surgeon, and should know the area injured by the blow, the arteries, nerves and other portions of the human anatomy affected thereby; he knew the possible effects of such injury and the possible danger caused thereby. The jury were not supposed to know what portions of one's bodily structure could be, and doubtless were, involved in this stricken area, nor what effect violence thereon would necessarily have.

Again, it will be seen from the doctor's testimony above quoted that immediately after having made the statement that such injury was a serious one, the witness stated: "In my opinion of it, it was an injury that gave rise to apprehension and was attended with danger to his health," this being in practically the same words of the court's charge defining serious bodily injury, and no objection was made thereto.

We see no error shown herein. The judgment will therefore be affirmed.