**Silas Mark BABCOCK, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 11–15–00272–CR**

Court of Appeals of Texas,
Eastland.

Opinion filed August 4, 2016

Rehearing Overruled September 8, 2016

Discretionary Review Refused
January 11, 2017

Luke Garrett, Midland, TX, for Silas Mark Babcock.

Teresa J. Clingman, District Attorney, Eric Kalenak, Assistant, Midland, TX, for The State of Texas.

Panel consists of: Wright, C.J., Willson, J., and Bailey, J.

**OPINION**

MIKE WILLSON, JUSTICE

The jury found Silas Mark Babcock guilty of aggravated assault with a deadly weapon.[1] Appellant elected to have the trial court assess his punishment. After Appellant pleaded "true" to two enhancement allegations, the trial court found the allegations to be true, assessed punishment at confinement for seventy years, and sentenced Appellant accordingly. On appeal, Appellant argues that the evidence was insufficient to prove beyond a reasonable doubt that he committed an assault by threat and that he used a deadly weapon in that assault. We affirm.

1. TEX. PENAL CODE. ANN. § 22.02(a)(2) (West 2011).

*I. The Charged Offense*

The grand jury indicted Appellant for aggravated assault with a deadly weapon. A person commits the offense of aggravated assault with a deadly weapon if he uses or exhibits a deadly weapon during the commission of an assault. PENAL § 22.02(a)(2). The indictment charged that Appellant intentionally and knowingly threatened Theodore Flores with imminent bodily injury and that Appellant used and exhibited a stick, branch, club, or tree limb.

*II. Evidence at Trial*

On the evening of the offense, Felicia Gomez, her brother-in-law, and her fourteen-year-old nephew (Tyler), along with Appellant, drove to Appellant's uncle's house in Midland County. When they got there, Tyler got out of the vehicle and walked into the neighbor's driveway. The neighbor, Theodore Flores, heard what he thought was an argument outside his RV, and he went outside to investigate. Flores had a concealed handgun license, and he took his concealed gun with him. Flores caught Tyler in Flores's driveway, forcibly expelled him from the property, and then went to the vehicle and told the occupants to leave. When Tyler returned to the vehicle and told the occupants that Flores had grabbed him, Gomez and Appellant got out of the vehicle and confronted Flores.

Flores testified that Appellant yelled that he was "going to beat [Flores's] a--" and that "[Flores was] going to fight a man now." Flores said that Appellant removed his shirt, jumped up and down, and acted erratically. Appellant sprinted toward Flores from about fifteen to twenty feet away while holding a tree branch that measured almost three feet in length and was two to three inches thick. Gomez testi-

fied that Appellant "grabbed a tree branch ... and went at [Flores]." She also testified that the branch was about two to three feet long. Flores further testified that he fired a warning shot into the ground in order to stop Appellant from coming at him and that he "expected" that Appellant would hit him in the head with the branch and kill him if he did not fire the shot. The State did not offer the branch into evidence at trial because the police were not able to distinguish it from all the other branches and limbs on the property.

### III. *Standard of Review*

 The standard of review for sufficiency of the evidence is whether any rational jury could have found Appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App.2007). We review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319, 99 S.Ct. 2781; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex.Crim.App.2010). The trier of fact may believe all, some, or none of a witness's testimony because the factfinder is the sole judge of the weight and credibility of the witnesses. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex.App.–Eastland 2008, pet. ref'd). We defer to the trier of fact's resolution of any conflicting inferences raised in the evidence and presume that the trier of fact resolved such conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326, 99 S.Ct. 2781; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex.Crim.App.2007).

### IV. *Analysis*
#### A. *Assault by Threat*

 The State, in order to prove an assault by threat, must prove beyond a reasonable doubt that Appellant intentionally or knowingly threatened another with imminent bodily injury. PENAL § 22.01(a)(2) (West Supp. 2015). A variant of "aggravated assault—assault while using a deadly weapon—is a 'nature of the conduct offense.'" *Hall v. State*, 145 S.W.3d 754, 758 (Tex.App.–Texarkana 2004, no pet.) (quoting *Guzman v. State*, 988 S.W.2d 884, 887 (Tex.App.–Corpus Christi 1999, no pet.)). A person acts intentionally with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct. PENAL § 6.03. A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* "[A] jury may infer intent from any facts which tend to prove its existence, including the acts, words, and conduct" of the defendant. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim.App.2002) (quoting *Manrique v. State*, 994 S.W.2d 640, 649 (Tex.Crim.App. 1999)). "Imminent" has been defined as meaning "near at hand." *Devine v. State*, 786 S.W.2d 268, 270 (Tex.Crim.App.1989) (citing various authorities). This court has held that an event is "near at hand" when it is on the verge of happening. *Hill v. State*, 844 S.W.2d 937, 938 (Tex.App.–Eastland 1992, no pet.).

Flores testified that Appellant verbally threatened him and acted in a threatening manner toward him. *See McGowan v. State*, 664 S.W.2d 355, 357 (Tex.Crim.App. 1984) ("A threat may be communicated by action or conduct as well as words."). Appellant told Flores that he was "going to beat [Flores's] a--" and that he was "going to F [Flores] up." Gomez corroborated

Flores's testimony that Appellant "sprinted" toward Flores. According to Flores, Appellant was no more than twenty feet away when Appellant began to sprint toward Flores. We hold that a rational jury could have found beyond a reasonable doubt that Appellant intentionally or knowingly threatened Flores with imminent bodily injury.

## B. Deadly Weapon

A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." PENAL § 1.07(a)(17)(B). The Court of Criminal Appeals held that "an object is a deadly weapon if the actor intends a use of the object in which it would be capable of causing death or serious bodily injury." *Bailey v. State*, 38 S.W.3d 157, 159 (Tex. Crim.App.2001); *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App.2000). The factfinder can rely on several factors to determine if an object is a deadly weapon, including:

1. The proximity of the defendant and the weapon to the victim, *Tisdale v. State*, 686 S.W.2d 110, 115 (Tex.Crim. App.1985) (op. on reh'g);
2. Actual wounds and words spoken by the defendant, *Williams v. State*, 575 S.W.2d 30, 32 (Tex.Crim.App. [Panel Op.] 1979);
3. The size and shape of the weapon, *Blain v. State*, 647 S.W.2d 293, 294 (Tex.Crim.App.1983);
4. The weapon's ability to inflict serious bodily injury or death, *Id.*; and
5. The manner in which the defendant used the weapon, *Id.*

Flores testified that Appellant was no more than twenty feet away from Flores when Appellant began charging toward Flores; Appellant had the branch in his hand. Appellant made verbal threats and gestured violently just before he charged Flores. Appellant had the branch cocked back like a baseball bat. Gomez corroborated the length of the branch. The jury chose to believe Flores's and Gomez's descriptions of the branch and Appellant's actions, and that evidence supported a finding that Appellant intended to use the branch to inflict bodily injury on Flores. We hold that a rational jury could have found beyond a reasonable doubt that the tree branch was a deadly weapon because the evidence indicated that the branch was two to three feet long; that Appellant had swung it as he ran toward Flores; and that, if Flores had been hit with the branch, he would have been knocked unconscious and probably killed. Consequently, the evidence supports a finding that the branch was a deadly weapon because it was capable of inflicting serious bodily injury in the manner of its intended use.

## V. Conclusion

We have reviewed the record and hold that there was sufficient evidence for a rational jury to have found beyond a reasonable doubt that Appellant committed the offense of aggravated assault with a deadly weapon. We overrule Appellant's sole issue on appeal.

## VI. This Court's Ruling

We affirm the judgment of the trial court.