# NO. 12-16-00115-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATORI DEVON MOSLEY,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Latori Devon Mosley appeals his conviction for aggravated assault with a deadly weapon. In one issue, Appellant contends that the evidence is legally insufficient to support the jury's deadly weapon finding. We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that Appellant threw a rock through the windshield of a car driven by his estranged wife, Latasha. The rock missed Latasha, but she was struck by flying glass particles, some of which lodged in her skin.

Ultimately, the jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for forty years. This appeal followed.

## DEADLY WEAPON ELEMENT

In his sole issue, Appellant argues the evidence that he used a deadly weapon in committing the assault is legally insufficient.

**Standard of Review**

When reviewing the record for legal sufficiency, we consider the combined and cumulative force of all admitted evidence and reasonable inferences therefrom in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Johnson v. State*, 509 S.W.3d 320, 322 (Tex. Crim. App. 2017) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979)).

**Applicable Law**

A person commits an assault if he intentionally, knowingly, or recklessly causes bodily injury to another, including his spouse. TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2016). A person commits aggravated assault with a deadly weapon if he uses or exhibits a deadly weapon during the commission of an assault. *Id*. § 22.02(a)(2). "Deadly weapon" includes anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *Id*. § 1.07(a)(17)(B) (West Supp. 2016). "Serious bodily injury" means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. *Id*. § 1.07(a)(46). Aggravated assault with a deadly weapon is a nature of the conduct offense. *Babcock v. State*, 501 S.W.3d 651, 654 (Tex. App.—Eastland 2016, pet. ref'd).

Something becomes a deadly weapon because it is capable of causing death or serious bodily injury, not because it actually does so. *Pruett v. State*, 510 S.W.3d 925, 928 (Tex. Crim. App. 2017). When determining whether something is a deadly weapon, the instrument in question must be analyzed according to its inherently dangerous capability when it is used during the crime. *Id.* at 929. In our sufficiency analysis, we consider factors such as the defendant's threatening words or actions, the defendant's proximity to the victim, the manner in which the defendant used the weapon, and the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon. *Johnson*, 509 S.W.3d at 323.

**Analysis**

At trial, Latasha testified she told Appellant that she wanted a divorce. About a week and a half later, Latasha went to a detail shop owned by her friend Michael. At one point, she walked to a store next door for a drink. When Latasha left the store, Appellant approached her. An argument ensued and became increasingly heated until Latasha ran into the detail shop. Later that afternoon, Latasha left home to pick up her cousin for work, as she had done at the same time every day for

2

about a month and a half. Just around the corner from her house, Latasha saw Appellant standing by the road. He stepped off the curb and threw what she believed was a brick through her windshield. Latasha was accelerating at the time and was traveling at a speed of up to twenty miles an hour. Appellant was less than ten feet away. As Latasha saw the rock coming toward her, she "was thinking [she] didn't want to die" for her four-year-old daughter's sake. Latasha turned her head so that the brick would not strike her face. She was struck by flying glass that scraped and burned her skin, and small glass particles lodged in her skin.

Tyler Police Department Officer Jon Pitts investigated the incident. He took photographs that were admitted into evidence. The photographs show a large hole in Latasha's windshield near where the rearview mirror should be. One photograph shows a piece of the rearview mirror apparatus hanging from its baseplate. Officer Pitts testified that he found the rearview mirror on the backseat and a rock in the back floorboard. In the photographs, cracks appear to stretch across the entire length and height of the windshield. Glass fragments also cover the seats. Photographs of a visibly shaken Latasha show glass fragments on her skin and clothing. Another photograph depicts a rock similar in size and shape to a brick. Officer Pitts testified that the rock was consistent with the damage to the windshield. He further opined based on his training and experience that the rock was capable of causing death or serious bodily injury.

To support Appellant's argument that the deadly weapon evidence is insufficient, he cites an opinion in which the court of criminal appeals addressed whether a rock constituted a deadly weapon. *See **Royston v. State***, 196 S.W. 542 (Tex. Crim. App. 1917). In ***Royston***, the defendant struck the victim's head with a rock, rendering him unconscious for a few minutes. ***Id.*** at 542. When the victim arose, the defendant struck him again. ***Id.*** The victim suffered the effects of his injuries for two weeks. ***Id.*** The defendant was charged with aggravated assault with a deadly weapon and aggravated assault causing serious bodily injury, and he was convicted of aggravated assault. ***Id.*** The court of criminal appeals concluded that the evidence did not show "that character of seriousness contemplated by the law" and reversed the conviction. ***Id.***

We find Appellant's comparison of this case to ***Royston*** unpersuasive. First, this case is distinguishable on its facts. Here, the potential bodily injury derives not only from the rock striking the body, as in ***Royston***, but also from the flying glass and the danger of an automobile accident. Moreover, the force with which the rock could have struck the victim in this case was increased by the fact that Latasha was in a vehicle traveling toward the rock.

Second, the definition of "deadly weapon" has changed since ***Royston*** was decided. In the past, our deadly weapon jurisprudence focused on the probability the particular weapon could cause serious injury or death. ***Johnson***, 509 S.W.3d at 324 n.6. The definition subsequently adopted by the legislature, however, changed the emphasis from probabilities to whether a weapon is *capable* of causing serious bodily injury or death. ***Id***. (citing TEX. PENAL CODE ANN. § 1.07(a)(17)(B)).

Here, the jury was able to observe the size, shape, and sharpness of the rock. The rock was thrown from less than ten feet away with such force that it entered Latasha's windshield and landed in the back seat. Latasha specifically testified that the rock would have hit her in the face had she not turned her head. Based on the jury's observations of the rock and the photographs, as well as the testimony of the witnesses, it could reasonably infer that the rock was capable of causing serious bodily injury or death in the manner of its use. *See **Pruett***, 510 S.W.3d at 928; *see also* TEX. PENAL CODE ANN. § 1.07(a)(17)(B), (46). Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding beyond a reasonable doubt that the rock was a deadly weapon. *See **Johnson***, 509 S.W.3d at 322; TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 22.01(a)(1), (2). Accordingly, we overrule Appellant's sole issue.

## DISPOSITION

Because there is sufficient evidence to sustain the jury's deadly weapon finding, we ***affirm*** the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 31, 2017

NO. 12-16-00115-CR

**LATORI DEVON MOSLEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0041-16)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*