

# NUMBER 13-22-00326-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KELVIN KARL MILES,**                                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

### On appeal from the 117th District Court of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Peña

Appellant Kelvin Karl Miles appeals his conviction for aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2). Following a bench trial, the trial court found Miles guilty and sentenced him to three years' imprisonment. In one issue, Miles argues that there is legally insufficient

evidence that he used or exhibited a deadly weapon during the commission of the assault. We affirm.

## I. BACKGROUND

A grand jury returned an indictment alleging that Miles "intentionally and knowingly threaten[ed] Diana Garcia with imminent bodily injury by brandishing a large knife and/or machete" while "us[ing] or exhibit[ing] a deadly weapon[.]" *See id.* Miles pleaded not guilty, and the case proceeded to trial, at which the following evidence was adduced.

Garcia and her long-time partner Jose Sanchez reside in Corpus Christi, Texas. Miles, the couple's next-door neighbor, has harassed and threatened them on many occasions. As a result, they have built a fence, installed surveillance cameras, and placed no trespassing signs. On the date in question, Miles approached Garcia in her front yard, coming as close as ten feet. Miles screamed that he was going to kill Garcia and her family, while waving and pointing a machete at her. Garcia, fearing for her life, immediately went inside her house and called the police.

Officer George Alvarez with the Corpus Christi Police Department was dispatched to Garcia's residence. The trial court admitted body-cam footage showing his interaction with Garcia and another neighbor. In the video, Garcia and the unidentified neighbor both told officers that Miles had a machete. The neighbor indicated the length of the machete with her hands, suggesting it was approximately two feet long. Miles remained in his house throughout the encounter, and the officers did not recover a weapon. Days later, officers returned to Miles's residence with an arrest warrant and took him into custody. The trial court found Miles guilty. This appeal followed.

2

## II. STANDARD OF REVIEW & APPLICABLE LAW

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). Evidence is legally sufficient if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Joe v. State*, 663 S.W.3d 728, 732 (Tex. Crim. App. 2022) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under a legal sufficiency review, we view the evidence in the light most favorable to the verdict, while recognizing that "[t]he trier of fact is responsible for resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts to ultimate facts." *Id.* at 731–32.

We measure the evidence produced at trial against the essential elements of the offense as defined by a hypothetically correct jury charge. *David v. State*, 663 S.W.3d 673, 678 (Tex. Crim. App. 2022) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "A hypothetically correct jury charge 'accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240). Under a hypothetically correct jury charge in this case, the State was required to prove beyond a reasonable doubt that (1) Miles (2) intentionally or knowingly (3) threatened Garcia with imminent bodily injury, (4) while using or exhibiting (5) a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2).

3

Miles challenges only the deadly weapon element of the offense. A machete, like other knives or blades, is not a deadly weapon per se. *Clark v. State*, 444 S.W.3d 671, 678 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *Blain v. State*, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983)); *see Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991) ("Kitchen knives, utility knives, straight razors, and eating utensils are manifestly designed and made for other purposes and, consequently, do not qualify as deadly weapons unless actually used or intended to be used in such a way as to cause death or serious bodily injury."); *see also Hill v. State*, No. 13-05-274-CR, 2006 WL 2382787, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 17, 2006, no pet.) (mem. op., not designated for publication) ("A machete is defined as 'a large heavy knife used for cutting sugarcane and underbrush and as a weapon.'" (quoting MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 697 (10th ed.1996))). But a knife may be a deadly weapon if, "in the manner of its use or intended use[, it] is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B). Relatedly, "serious bodily injury" means "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46).

In determining whether an object is a deadly weapon, "we consider words and other threatening actions by the defendant, including the defendant's proximity to the victim; the weapon's ability to inflict serious bodily injury or death, including the size, shape, and sharpness of the weapon; and the manner in which the defendant used the weapon." *Johnson v. State*, 509 S.W.3d 320, 323 (Tex. Crim. App. 2017) (collecting

4

cases); *see Leal v. State*, 527 S.W.3d 345, 348 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) "These, however, are just factors used to guide a court's sufficiency analysis; they are not inexorable commands." *Johnson*, 509 S.W.3d at 323. "The State does not have to introduce the [object] into evidence to prove [it] was a deadly weapon." *Magana v. State*, 230 S.W.3d 411, 414 (Tex. App.—San Antonio 2007, pet. ref'd) (citing *Morales v. State*, 633 S.W.2d 866, 868 (Tex. Crim. App. 1982)).

### III.    DISCUSSION

Miles argues that there is legally insufficient evidence that the machete he wielded was a deadly weapon based on the lack of evidence of its characteristics. Miles notes that no weapon was introduced into evidence and that Garcia never described the weapon with particularity. Miles posits several possibilities for why the machete could be incapable of causing serious bodily injury—i.e., it could be a prop knife or extremely dull.

First, we note that whether the machete was dull or a prop knife are not possibilities which the State must disprove. *See Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) (explaining that the "beyond a reasonable doubt" burden of proof does not require the State to disprove every conceivable alternative to guilt). Certainly, there was no affirmative evidence that the machete was either of those things. Further, contrary to Miles's contention, the record contains some evidence indicating the characteristics of the object alleged to be a deadly weapon. Garcia's description of the object as a machete—as opposed to just a knife—indicates Miles was wielding a relatively large and heavy knife. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 697 (10th ed. 1996); *see also Hill*, 2006 WL 2382787, at *3. A witness on the body-cam footage also gestured that

5

the machete was approximately two-feet long, which is some indication of its ability to inflict serious bodily injury. *See Johnson*, 509 S.W.3d at 323; *Fortenberry v. State*, 889 S.W.2d 634, 637 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd) (concluding there was legally sufficient evidence that a knife with "a blade of over four and one-half inches long and three-fourths inches wide" was a deadly weapon). The evidence further shows that Miles pointed the machete at Garcia and threatened to kill her and her family, which are both factors supporting of a deadly weapon finding. *See McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (noting that "objects used to threaten deadly force are in fact deadly weapons"); *Babcock v. State*, 501 S.W.3d 651, 655 (Tex. App.—Eastland 2016, pet. ref'd) (concluding that threats and gestures made while the appellant was holding a tree branch was legally sufficient evidence supporting a deadly weapon finding); *see also Nino v. State*, No. 13-18-00642-CR, 2020 WL 1887761, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 16, 2020, no pet.) (mem. op., not designated for publication) ("Given that appellant pointed a knife at R.G., and that he threatened her while doing so, we conclude that there was sufficient evidence to support the deadly weapon finding."). Finally, there was evidence that Miles was approaching Garcia, closing to a distance of ten feet, causing Garcia to retreat inside her home because she feared for her life—additional factors supporting a deadly weapon finding. *See Johnson*, 509 S.W.3d at 323.

Based on the foregoing factors, we conclude that any rational fact finder could have found beyond a reasonable doubt that Miles used or exhibited a deadly weapon during the commission of the assault. *See Joe*, 663 S.W.3d at 732; *see also Lettsome v. State*, No. 01-13-00532-CR, 2014 WL 7205100, at *5 (Tex. App.—Houston [1st Dist.]

Dec. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (concluding that there was legally sufficient evidence that a machete was a deadly weapon); *Perez v. State*, No. 01-08-00817-CR, 2010 WL 1241278, at *3–4 (Tex. App.—Houston [1st Dist.] Mar. 25, 2010, pet. ref'd) (mem. op., not designated for publication) (same); *Hill*, 2006 WL 2382787, at *3 (same); *Cantu v. State*, No. 04–03–00817–CR, 2004 WL 2168638, at *5 (Tex. App.—San Antonio Sep. 29, 2004, pet. ref'd) (mem. op, not designated for publication) (same). We overrule Miles's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of August, 2023.